CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LUIS GUAMAN ZHININ, and
NELSON ANTONIO GUAMAN, on behalf
of themselves, and others similarly situated,

Plaintiffs,

-against-

HYO DONG GAK, INC.,
HANBAT RESTAURANT, INC.,
and NACK GYEUN MUN,

Defendants.

Case No.: 18 CV 3102

COMPLAINT IN AN FLSA ACTION

ECF Case

---

Plaintiffs, **Luis Guaman Zhinin and Nelson Antonio Guaman** (collectively, "Plaintiffs"), on behalf of themselves and other similarly situated employees, by and through their undersigned attorneys, Cilenti & Cooper, PLLC, file this Complaint against Defendants, Hyo Dong Gak, Inc., Hanbat Restaurant, Inc., and Nack Gyeun Mun, (collectively, the "Defendants"), and state as follows:

## INTRODUCTION

1. Plaintiffs allege that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation;

(3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiffs further allege that, pursuant to the New York Labor Law, they are entitled to recover from the Defendants: (1) unpaid wages and minimum wages; (2) unpaid overtime compensation; (3) unpaid "spread of hours" premium for each day they worked a shift exceeding ten (10) hours; (4) liquidated damages pursuant to the New York Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiffs are adult residents of Queens County, New York.

6. Upon information and belief, Defendant, Hyo Dong Gak, Inc., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 51 West 35th Street, New York, New York 10001.

7. Upon information and belief, Defendant, Hanbat Restaurant, Inc. is a business entity organized and existing under the laws of the State of New York, with a principal place of business at 53 West 35th Street, New York, New York 10001.

8. Upon information and belief, Defendant, Nack Gyeun Mun, is an owner, officer, director and/or managing agent of Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc., whose address is unknown at this time, and who participated in the day-to-day operations of Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc., and acted intentionally and maliciously and is an "employer" pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc.

9. Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc. are separate corporations, each engage in related activities, namely, they operate adjacent Asian restaurants which shared Plaintiffs and other similarly situated employees.

10. Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc. shared Plaintiffs and other similarly situated employees, acted in the interest of each other with respect to the employees, paid their employees by the same method, shared control over the employees, and are themselves under common control and management.

11. The corporations are owned, operated, and controlled by the same owner, or owner group, and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise or employer.

12. The performance of Plaintiffs' job responsibilities, as well as the responsibilities of other similarly situated employees, was and continues to be controlled

by one person or group of persons, corporations, or other organizational units acting together.

13. The corporate defendants share a common commercial business purpose, namely, owning and operating adjacent Asian eating places.

14. Upon information and belief, an arrangement existed between the corporate defendants whereby each entity agreed to share the services of Plaintiffs and other similarly situated employees.

15. Upon information and belief, the corporate defendants, namely, Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc., located at and operating at adjacent properties (51 and 53 West 35th Street, New York, New York, respectively), shared control of Plaintiffs.

16. Plaintiff, Luis Guaman Zhinin, was employed by Defendants Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc., in New York County, New York, to work as a food preparer / kitchen helper, and delivery person, from in or around 2004, through March 9, 2018.

17. Plaintiff, Nelson Antonio Guaman, was employed by Defendants Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc., in New York County, New York, to work as a dishwasher and food preparer / kitchen helper, and delivery person, from in or around April 2014, through March 9, 2018.

18. At all relevant times, Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc. were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA.

19. At all relevant times, the work performed by Plaintiffs was directly essential to the restaurant businesses operated by Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc., respectively.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned wages / minimum wages, and overtime compensation, in contravention of the FLSA and New York Labor Law.

21. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiffs lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

22. Plaintiffs have fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

23. In or around 2004, Plaintiff, Luis Guaman Zhinin, was hired by Defendants to work as a kitchen helper, delivery person and food preparation assistant at Defendants' Asian restaurant known as "Hyo Dong Kak" located at 51 West 35th Street, New York, New York 10001.

24. Plaintiff, Luis Guaman Zhinin, worked for the Defendants until on or about March 9, 2018.

25. Plaintiff was called upon to do deliveries for the adjacent restaurant, Hanbat Restaurant, Inc., on a daily basis.

26. During Plaintiff's employment by Defendants, he worked well over forty (40) hours per week. Plaintiff generally worked 6 days a week, and his work shift was

10:30 a.m. to 9:30 p.m. (eleven (11) hours per day), prior to 2017; and 11:00 a.m. to 9:00 p.m. (ten (10) hours per day) in 2017 and 2018.

27. Plaintiff was not paid wages for all hours worked, minimum wages, or overtime wages at anytime during his employment. During the last six (6) years of his employment, Plaintiff was paid a weekly wage of $370.00 in 2012; $390.00 in 2013; $400.00 in 2014; $420.00 in 2015; $470.00 in 2016 and 2017; and $550.00 in 2018.

28. Plaintiff's weekly wages were not based on the hours he worked but were a fixed weekly salary. To receive his pay, Plaintiff was required to sign a false document stating that he worked forty-eight (48) hours per week.

29. In or around April 2014, Plaintiff, Nelson Antonio Guaman, was hired by Defendants to work as a dishwasher, kitchen helper, delivery person and food preparation assistant at Defendants' Asian restaurant known as "Hyo Dong Kak" located at 51 West 35th Street, New York, New York 10001.

30. Plaintiff, Nelson Antonio Guaman, worked for the Defendants until on or about March 9, 2018.

31. Plaintiff was also required to perform deliveries for the adjacent restaurant, Hanbat Restaurant, Inc., on an occasional basis.

32. During Plaintiff's employment by Defendants, he worked well over forty (40) hours per week. Plaintiff generally worked 6 days a week, and his work shift was 11:00 a.m. to 9:30 p.m. (ten and a half (10 ½) hours per day), prior to 2017; and 11:00 a.m. to 9:00 p.m. (ten (10) hours per day) in 2017 and 2018.

33. Plaintiff was not paid wages for all hours worked, minimum wages, or overtime wages at anytime during his employment. During the last six (6) years of his

employment, Plaintiff was paid a weekly wage ranging between $383.00 in 2014 and $527.00 in 2018.

34. Plaintiff's weekly wages were not based on the hours he worked but were a fixed weekly salary. To receive his pay, Plaintiff was required to sign a false document.

35. Plaintiff's work performed above forty (40) hours per week was not paid at time and one-half Plaintiff's regular rate of pay, as required by state and federal law.

36. Although Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc. operate two adjacent restaurants, the corporate defendant is a single enterprise, utilizing the Plaintiffs and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the two restaurants.

37. At all relevant times, Defendants knowingly and willfully operated their businesses with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiffs and other similarly situated employees for worked performed over forty (40) hours in a workweek.

38. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

39. Plaintiffs were paid cash in an envelope; they were not provided a wage statement.

40. The Defendants did not utilize a punch clock or other time keeping system to keep track of Plaintiff's working hours on a daily basis.

41. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff and other similarly situated employees.

42. Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

43. Defendants knowingly and willfully operated their business with a policy of not paying New York State "spread of hours" premiums to Plaintiffs and other similarly situated employees.

44. Defendant, Nack Gyeun Mun, is an individual who, upon information and belief, owns the stock of Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc., owns Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc., and manages and makes all business decisions, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

45. Defendant Nack Gyeun Mun exercised control over the terms and conditions of Plaintiffs' employment in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, and (v) create and maintain wage and hour records.

46. Defendant Nack Gyeun Mun was present on the premises of Hyo Dong Gak and Hanbat restaurants on a daily basis, and actively supervised the work of the Plaintiffs.

47. The corporate defendants, Hyo Dong Gak, Inc. and Hanbat Restaurant, Inc., are each "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

48. Defendants failed to properly provide notice to Plaintiffs, that the Defendants were taking a "tip credit".

49. Defendants failed to keep proper records showing the amount of tips received each day and each week by Plaintiffs.

50. Defendants caused Plaintiffs to engage in non-tipped duties, which exceeded twenty percent (20%) of their work each day, including cutting / chopping vegetables and meats; washing dishes; cleaning the basement; stocking the refrigerators.

51. At all relevant times, upon information and belief, and during the course of Plaintiffs' employment, Defendants failed to maintain accurate and sufficient wage and hour records.

52. The records Plaintiffs were required to sign, are believed to be false.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

53. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "52" of this Complaint as if fully set forth herein.

54. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

55. At all relevant times, Defendants employed Plaintiffs within the meaning of the FLSA.

56. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

57. Plaintiffs worked hours for which they were not paid the statutory minimum wage.

58. At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiffs for hours worked.

59. Plaintiffs were entitled to be paid at the rate of time and one-half the their regular rate of pay, for all hours worked in excess forty (40).

60. Defendants failed to pay Plaintiffs overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

61. At all relevant times, Defendants had, and continues to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-

10

half to Plaintiffs for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

62. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiffs at the statutory minimum wage rate for all hours worked, and the statutory overtime rate of time and one-half, for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime pay would financially injure Plaintiff.

63. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiffs, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

64. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiffs in the possession and custody of the Defendants, are false.

65. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

66. Plaintiffs were never informed by Defendants of the provisions of Section 203(m) of the Fair Labor Standards Act with respect to any "tip credit."

67. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiffs are entitled to liquidated damages pursuant to the FLSA.

68. Due to the intentional, willful and unlawful acts of the Defendants, Plaintiffs suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

69. Plaintiffs are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

70. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "69" of this Complaint as if fully set forth herein.

71. At all relevant times, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

72. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay minimum wages in the lawful amount for hours worked.

73. Defendants knowingly and willfully violated Plaintiffs' rights by failing to pay overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

74. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premium to Plaintiffs for each day they worked greater than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

75. Due to the Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premiums, reasonable attorneys' fees, and costs and

disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiffs also seek liquidated damages pursuant to New York Labor Law § 663(1).

## COUNT III
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

76. Plaintiffs re-allege and re-aver each and every allegation and statement contained in paragraphs "1" through "75" of this Complaint as if fully set forth herein.

77. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, among other things, of the employee's rate of pay and regular pay day.

78. The New York State Wage Theft Prevention Act requires every employer to notify its employees, in writing, with every payment of wages, of the dates of work covered, the rate of pay and basis thereof, hours worked, gross wages, deductions, allowances, and net wages.

79. Defendants failed to properly disclose or apprise Plaintiffs of their rights under the New York Labor Law.

80. Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

81. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

82. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

83. Defendants failed to notify Plaintiffs of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

84. Plaintiffs were not provided a true and accurate wage statements as required by law.

85. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act and as such are liable for civil penalties, attorneys' fees, and costs.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiffs, Luis Guaman Zhinin and Nelson Antonio Guaman, on behalf of themselves and all similarly situated employees, respectfully request that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York Labor Law;

(b) An award of unpaid minimum wages and overtime compensation due under the FLSA and New York Labor Law;

(c) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages and statutory penalties as a result of Defendants' willful failure to pay minimum wages and overtime compensation, and notice requirements, pursuant to the New York Labor Law;

(e) An award of prejudgment and post-judgment interest;

(f) An award of costs and expenses associated with this action, together with reasonable attorneys' fees; and,

(g) Such other and further relief as this Court determines to be just and proper.

Dated: New York, New York
April 6, 2018

Respectfully submitted,

By: _____
Peter H. Cooper (PHC 4714)
CILENTI & COOPER, PLLC
*Attorneys for Plaintiffs*
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone  (212) 209-3933
Facsimile  (212) 209-7102
pcooper@jcpclaw.com

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Luis Guaman Zhinin, am an employee currently or formerly employed by Hyo Dong Gak, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
March 14, 2018

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, __Nelson Guaman Zhinin__, am an employee currently or formerly employed by __Hyo Dong Gak__, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
__March 14__, 2018

_Nelson_